IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 20-mj-00169

UNITED STATES OF AMERICA,

      Plaintiff,

v.

LUIS ALMICAR ERAZO-CENTENO,

      Defendant.

---

## ORDER OF DETENTION

---

      This matter was before the Court for a detention hearing on October 20, 2020 in the Rule 5 Indictment out of the Northern District of California. Assistant United States Attorney Kelly Churnet represented the government, and Kathleen Shen represented the Defendant. The Defendant did not contest detention.

      The Court has concluded, by a preponderance of evidence, that no condition or combination of conditions of release will reasonably assure the continued appearance of the Defendant, based on the attached findings.

      IT IS HEREBY ORDERED that the Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

      IT IS FURTHER ORDERED that the Defendant is to be afforded reasonable opportunity to consult confidentially with defense counsel; and

      IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in the Northern District of California and that the Marshal may transport the Defendant to the Northern District of California within the next two weeks.

DATED and ENTERED this 27th day of October, 2020.

By the Court:

S/Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

United States v. Luis Almicar Erazo-Centeno
Case No. 20-mj-00169

## FINDINGS OF FACT, CONCLUSIONS OF LAW, and
## REASONS FOR ORDER OF DETENTION

In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community.

If there is probable cause to believe that the defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, or if the defendant is charged with a crime of violence, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1)     [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2)     the weight of the evidence against the person;

(3)     the history and characteristics of the person, including –

    (A)     the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (B)     whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4)     the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

1

The Court has taken judicial notice of the Court's file, the Pretrial Services Report, and the comments of counsel and evidence received at the hearing. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

The Indictment which has issued in this case charges Defendant with the following violations:  21 U.S.C. §§ 841(a)(1), (b)(1)(B), possession with intent to distribute and conspiracy to distribute heroin, methamphetamine, cocaine base, and cocaine.  The rebuttable presumption of detention applies here.  Further, based on the Indictment there is probable cause.

Defendant presents a risk of nonappearance based on the following circumstances.  This Defendant has tenuous ties in the community, with nothing known about him other than he is a citizen of Honduras and was deported to that country on June 8, 2018.  He has several encounters with the U.S. Customs and Border Patrol, including multiple deportations.  He has multiple prior arrests (disposition unknown) for narcotics, and multiple felony convictions.  He also has used at least eight alias names and one alias date of birth.  Faced with the alternative of either a potential decades-long prison term in the Bureau of Prisons followed by his removal, or potentially choosing self-removal by fleeing, I believe there is at least a preponderance of evidence he would choose the latter and, therefore, the presumption has not been overcome.

Therefore, after considering all of these factors, I conclude there is a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the appearance of Defendant as required.  Defendant is remanded.